UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


AIDAN R. LLEWELLYN,

     Plaintiffs,

v.                                  Case No: 6:24-mc-00015-JSS-RMN

     Defendant.
_____/

## **ORDER**

Plaintiff Aidan Llewellyn, proceeding pro se and as "Executive Trustee of the Llewellyn Trust,"[1] initiated this miscellaneous action by filing a motion requesting that the Clerk of Court deposit a $100 bill of exchange and United States Department of the Treasury payment voucher into the court's registry. (Dkt. 2.) Plaintiff also moves to seal this case. (Dkt. 1.) Plaintiff's Motions are denied.

Plaintiff seeks to deposit money into the court's registry pursuant to 28 U.S.C. §§ 2041 and 2042. (Dkt. 2.) Section 2041 of Title 28 provides that "[a]ll moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court." 28 U.S.C. § 2041. Section 2042 provides that "[n]o money deposited under

---

[1] To the extent the intended Plaintiff in this matter is the Llewellyn Trust, it cannot proceed pro se in this matter or be represented by Mr. Llewellyn, a non-lawyer. *See J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1235 (11th Cir. 2020) ("A trust, like a corporation, 'is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.'" (quoting *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

section 2041 of this title shall be withdrawn except by order of the court.  28 U.S.C. §

2042.  However, Plaintiff's request is not related to any case pending or adjudicated in

this court and he has otherwise failed to properly commence an action.  *See* Fed. R.

Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *see also*

Fed. R. Civ. P. 67.  Plaintiff has further provided no grounds on which the court should

seal the entirety of this case.

      Accordingly:

1. Plaintiff's Motion to Deposit Negotiable Instruments into the Court Registry Investment System (Dkt. 2) is **DENIED**.

2. Plaintiff's Motion to Seal Miscellaneous Case (Dkt. 1) is **DENIED**.

3. The Clerk of Court is directed to return any negotiable instrument provided by Plaintiff along with a copy of this order and thereafter CLOSE this case.

      **ORDERED** in Orlando, Florida, on July 15, 2024.

                             JULIE S. SNEED
                        UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party